THE STATE, DEFENDANT IN ERROR, v. GUSTAVUS FUL-
TON MACRAE, PLAINTIFF IN ERROR.

Submitted July 8, 1912—Decided November 18, 1912.

On error to the Supreme Court, in which the following
opinion was filed:

PER CURIAM.

The defendant was found guilty of bigamy, and has, with
his writ of error removing that judgment, essayed to obtain

the benefit of the one hundred and thirty-sixth section of the Criminal Procedure act of 1898 (*Pamph. L., p.* 915), but the certificate fails to conform to the requirements of that act, by stating that "the entire record of the proceedings had upon the trial" are sent up. *State* v. *Webber,* 48 *Vroom* 580.

The plaintiff in error must therefore be confined to his strict writ of error and the assignments founded upon exceptions taken at the trial. There is neither a general or a special exception to the charge.

The allegations were that the defendant was the lawful husband of one Beers, formerly Baum, to whom he was married in Philadelphia in 1903, and while she was living, and being undivorced from her, married Rose Spiro, in the city of Newark, on November 23d, 1908.

The defence, on cross-examination of Rose Spiro, sought to inject into the case questionable and illicit relations existing between witness and the defendant before the marriage. The defence also sought to show that the night before the marriage the parties were intoxicated; the conversations before and succeeding the marriage ceremony about the marriage, evidence to show that the Spiro family had knowledge of the former marriage, and that some time before the marriage, the wife's father had tried to get money from the defendant because of the relations existing between his daughter and the defendant. We think the exclusion of such of this evidence as was the subject of exception was proper.

After the ceremony, the marriage certificate had been mailed to Mr. Spiro's address, who had since that time retained it. Spiro was asked, on cross-examination, his object in keeping it from his daughter and why he had not delivered it to this defendant. Its exclusion was proper.

The former ceremonial marriage was proved by the wife who gave evidence of what occurred, showing the performance of the ceremony by a minister, and then produced a certificate signed by two witnesses and the clergyman. The whereabouts of these witnesses were shown to be unknown, but that they were in New York at the time of signature. Objection to its admission was made because the subscribing

witnesses were not produced. The witnesses being without the jurisdiction need not be produced, and we are not bound to consider the objection upon any other ground than that brought to the attention of the trial court. The objection is without merit.

The state offered what purported to be an exemplified copy of divorce proceedings in Pennsylvania between Mary E. Baum and Joseph K. Baum and the final decree in that case. Its admission was objected to as immaterial; that it was the testimony and libel only in the case, and that the certificate was not in proper form under the act of congress.

Whether these objections as to form were substantial cannot be determined, for the plaintiff in error, whose duty it was to bring to this court the document, has failed to do so, and, consequently, has not made it appear that there was error in its admission.

The judgment is affirmed.

For the plaintiff in error, *McDermit & McDermit* and *Frank H. Sommer*.

For the defendant in error, *Wilbur A. Moll*, prosecutor of the pleas, and *Andrew Van Blarcom*, assistant prosecutor of the pleas.

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the *per curiam* opinion in the Supreme Court.

*For affirmance*—THE CHANCELLOR, GARRISON, TRENCHARD, BERGEN, MINTURN, BOGERT, VREDENBURGH, CONGDON, WHITE, TREACY, JJ. 10.

*For reversal*—None.